CLARA J. CHAMPLIN, RESPONDENT, v. CLELAND DAVIS
AND MABEL Y. DAVIS, APPELLANTS.

Argued March 8, 1920—Decided June 14, 1920.

1. The makers of promissory notes taking title.to real property to
accommodate a friend, signed and delivered the notes in con-
sideration therefor; the makers are liable on such notes, in the
absence of fraud.
2. The fact that the makers of the notes thought or did not know
they were assuming any financial obligation, or that fact was
not made known to them, at the time of signing, is not a defence
to the notes. The rule, as expressed by the maxim *"ignorantia
legis neminem excusat,"* applied.
3. The affixing of a signature to promissory notes, as a general rule,
in the absence of fraud, creates a conclusive presumption against
the signers, that they read, understood and assented to the terms.
*Held,* in this case, the defence of fraud was not proven; *held,
further,* it was not error to direct a verdict in favor of the
plaintiff for the amount due on the notes with interest.

On appeal from the Bergen County Circuit Court.

For the appellants, *Carrick & Wortendyke.*

For the respondent, *Hartshorne, Insley & Vreeland* and
*William E. Decker.*

The opinion of the court was delivered by

BLACK, J. This suit was brought to recover the value of
four promissory notes, dated June 30th, 1914, aggregating
$7,100, less a payment of $350.13. The notes were signed by
the defendants, payable to George J. Champlin, and by him
endorsed without recourse to the plaintiff, Clara J. Champlin.
The trial resulted in the direction of a verdict by the court
for the plaintiff, for the amount of the notes with interest,
less the payments on account. The only ground of appeal is,
the trial court should have denied the motion to direct a ver-
dict and submit to the jury for decision the question whether;

the circumstances related by the appellants, under which they
signed the promissory notes sued on, amounted to a fraud on
them. Our reading of the record satisfies us that there was
no fraud perpetrated upon the appellants by the plaintiff or
her agents. There was no issue of fact to be submitted to the
jury. The uncontroverted testimony, it seems to us, entitled the
plaintiff to a direction of a verdict in her favor. So, it was
not error for the trial court to direct a verdict. The record
shows these uncontroverted facts: The plaintiff and re-
spondent was the owner of three houses at Thirtieth and Date
streets, San Diego, California. The notes were made payable
to George J. Champlin, the husband and agent of the plaint-
iff, Clara J. Champlin. The consideration of the notes was
the purchase of an equity in a piece of property, or ranch,
situated in Imperial county, California. Champlin endorsed
the notes to the plaintiff without recourse. A trust deed was
signed at the same time to secure the payment of the notes.
The promissory notes were exchanged for the houses and lots
at Thirtieth and Date streets, San Diego. The papers were
placed in escrow with the Union Title Company at San Diego,
California. The sale of the ranch in Imperial Valley was in
the hands of D. C. Collier & Company, who in turn was en-
gaged by the plaintiff to sell the San Diego houses. The San
San Diego property was sold to one Slemmons, by an arrange-
ment of Slemmons & Chaplain; the notes in suit were to be
paid to Mr. Champlin, as the agent for his wife. Della Lusk
was either the owner of the ranch or the intermediary of a
Dr. Jesse; they, or one of them, gave a contract to sell the
property, which in turn was assigned to the plaintiff, Clara J.
Champlin. A Mr. Verner de Guise desired to purchase the
ranch, but for some reason he did not want to take the title
in his name. The defendants, as his friends and at his re-
quest, agreed to take the title and hold it for de Guise. They
signed and executed the notes and other papers for this pur-
pose. The defendants testified by signing the notes they
thought they were assuming no financial obligation.

It is set up in the answer, as stated above, and testified to
in the record, that it was not made known or intimated to

these defendants by anyone that they were assuming any monetary obligation, nor did they know that they were signing notes to the owner of the lands or to anyone, or that they were incurring any pecuniary obligation of any kind. The trial court held, as stated, that there was no evidence in the case that would warrant the jury in finding that a fraud had been perpetrated upon the defendants.

It is urged, however, on behalf of the appellants that as the D. C. Collier & Company was the agent for the plaintiff in procuring the notes, their fraud, if any, is the fraud of the principal; citing in support of that position *Reitman* v. *Fiorillo,* 76 *N. J. L.* 815; *Dunston Lithograph Co.* v. *Borgo,* 84 *Id.* 623; *McDonald* v. *Central Railroad Co.,* 89 *Id.* 251; *Alexander* v. *Brogley,* 63 *Id.* 307. This may be so, but these cases are all distinguished from the case under consideration in essential and important particulars. In the first case the court held the contract was procured by the fraud of an agent; in the second case the signature to the contract was procured by fraud or imposition; the defendants did not know they were signing a contract of guarantee, like the case of *Alexander* v. *Brogley, supra;* so, in the third case, the misrepresentation was as to the contents of a release. The alleged fraud was not in the consideration itself, but in the statement that it had been expressed in the release, when in fact it had not.

We concur with the result reached by the trial court. Our reading of the testimony satisfies us there was no fraud perpetrated upon the defendants by the plaintiff, or by anyone for whom she was responsible.

The defendant Cleland Davis testified: "It was explained to me, by Mr. de Guise and Judge Riall, who was acting as Mr. de Guise's attorney, that these papers—it was necessary to sign these papers in order that I might take and hold the title to this property for Mr. de Guise and give it back to him upon demand. These papers were then placed before me, and with that understanding I signed them." The defendant Mabel Y. Davis testified:

"*Q.* Was anything said at that time, *i. e.,* when the notes were signed about the financial responsibility?

"*A.* Financial responsibility was not mentioned at that time, or any other time to me. * * * They simply said these papers are necessary—a good many of them—they are necessary for the transaction, that is all."

The record shows the defendants are educated and intelligent persons.

This court in a well-considered case said (*Dunston Lithograph Co.* v. *Borgo,* 84 *N. J. L.* 623, 625) : "Although, as a general rule, the affixing of a signature to a written contract creates a conclusive presumption against the signer that he read, understood and assented to its terms, this rule has one notable exception, viz., where the signature to the contract was procured by fraud or imposition practiced upon the signer with intent to deceive him as to the purport of the paper which he signs." This may be set up as a defence to the action brought against him by the other party to the transaction.

The defence by these defendants, in effect, is, that they were ignorant of the legal liability assumed by them when they signed the notes. Whatever may be the limitations of the rule, as expressed by the maxim *"ignorantia legis neminem excusat,"* ignorance of the defendants' legal liability on the notes is not a defence in this case. It is true, said Chief Justice Beasley, in the case of *Brock* v. *Weiss,* 44 *N. J. L.* 241, 244, the law will not permit the excuse of ignorance of the law to be pleaded for the purpose of exempting persons from damages for breach of contract, or from punishment for crime committed by them. *Van Deventer* v. *Van Deventer,* 46 *Id.* 460; *Alexander* v. *Ferguson,* 73 *Id.* 479; *Champlin* v. *Laytin,* 18 *Wend.* 407, 413; *Bentley* v. *Whittemore,* 18 *N. J. Eq.* 366, 374; *Hampton* v. *Nicholson,* 23 *Id.* 423, 427; 21 *Cyc.* 1726.

The defence having failed, the judgment of the Bergen County Circuit Court is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   12.

*For reversal*—None.